NICHOLAS M. WAJDA (State Bar # 259178)
WAJDA LAW GROUP, APC
6167 Bristol Parkway
Suite 200
Culver City, CA 90230
Telephone: (310) 997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BERENICE BOLANOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 5:20-cv-01324<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Now Comes Plaintiff, BERENICE BOLANOS, individually and on behalf of all others similarly situated, by and through her undersigned attorney, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

**I.    Parties, Jurisdiction and Venue**

1. Plaintiff BERENICE BOLANOS ("Plaintiff") is a resident of Murrieta, California.

2. Plaintiff has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

3. Subject matter jurisdiction exists pursuant to 15 U.S.C. §1692k and 28 U.S.C. §§1331 and 1337.

1

4. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business San Diego, California 92108.

5. MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts and MCM's principal purpose is the purchase of and collection of defaulted consumer debts.

6. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM routinely mails collection letters and envelopes to addresses within this District and MCM routinely collects consumer debts in this District and because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

7. Venue is also proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

**II.     Background Allegations**

8. Plaintiff obtained credit (the "Subject Debt") from Capital One, N.A. ("Capital One") Walmart Rewards credit card.

9. Plaintiff incurred the Subject Debt for personal and household expenses.

10. Plaintiff made certain payments towards the Subject Debt, but as a result of unforeseeable financial difficulties, Plaintiff could not pay the Subject Debt.

11. MCM is now attempting to collect the Subject Debt and did so by sending Plaintiff a series of collection letters.

12. By attempting to collect the Subject Debt in this manner, MCM regarded Plaintiff to be a "consumer" as this word is defined by 15 U.S.C. § 1692a(3).

13. In particular, MCM sent a collection letter to Plaintiff dated February 8, 2020.

14. The top of the February 8, 2020 collection letter says "Bienvenido. Su cuenta tiene un Nuevo hogar", which translates to "Welcome. Your account has a new home."

15. A true and accurate image of the front page of the February 8, 2020 collection letter is reflected below:



3

16. February 8, 2020 collection letter informed Plaintiff in Spanish that her Subject Debt was sold to MCM and that MCM is a "debt collection company" and that MCM "will be collecting on and servicing your account."

17. February 8, 2020 collection letter identified a "Saldo actual" ("Current balance") of $3,186.17.

18. February 8, 2020 collection letter included a phrase at the bottom of the letter, "[no] estamos obligandos a renovar ninguna oferta realizada" which basically translates to "[w]e are not obligated to renew any offers provided."

19. To the best of Plaintiff's recollection, and upon in information and belief, the February 8, 2020 collection letter was sent to Plaintiff inside of an envelope embossed with the following Spanish words, "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA".

20. The words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" translate to "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

21. To the best of Plaintiff's recollection, the words "INFORMACIÓN IMPORTANTE CERRADA" formed a circle, and the words "ATENCIÓN SOLICITADA" were placed within the circle.

22. Additionally, with regard to the Subject Debt or another credit card debt that is allegedly owned by MCM, Plaintiff recalls receiving other collection letters being sent to her inside of an envelope embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" (hereafter the "IMPORTANT INFORMATION ENCLOSED" Envelope(s)" or the "Embossed Envelope(s)").

23. MCM uses words identical to or similar to "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" on envelopes that it sends to consumers.

24. Each time Plaintiff received the Embossed Envelopes her attention would be drawn to the words depicted on the Embossed Envelopes, and each time she read the words she would become anxious and stressed out over of the enclosed letters.

25. Plaintiff was confused by the February 8, 2020 letter because no "offers" were provided despite the fact that the letter included the phrase "[no] estamos obligandos a renovar ninguna oferta realizada", which basically translates to "[w]e are not obligated to renew any offers provided."

26. Confused by the wording the fact that the February 8, 2020 letter included the phrase "[no] estamos obligandos a renovar ninguna oferta realizada" without identifying any offer or offers, and confused and worried about the wording of the mailing of MCM's collection letters inside of the Embossed Envelopes, Plaintiff retained legal counsel to explain her rights and to decipher the February 8, 2020 letter and other collection letters.

27. MCM's mailing of collection letters to Plaintiff inside of envelopes embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA". Or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violated Sections 1692f(8) of the FDCPA.

28. More than forty Spanish speaking consumers with addresses located within this Judicial District were mailed collection letters inside of envelopes embossed with the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" or "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA".

29. MCM routinely sends collection letters to consumers in this District inside of envelopes embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and

"ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" in an attempt to cause least sophisticated consumers to open the Envelopes, read the enclosed letter and pay the subject debts.

30. MCM research and records has determined that it collects more money from consumers when it sends letters inside of envelopes embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" than envelopes that do not contain these words.

31. MCM's use of the phrase "[no] estamos obligandos a renovar ninguna oferta realizada" (which means "[w]e are not obligated to renew any offers provided") violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA if not "offers" were provided in any of MCM's letters.

32. The cardholder agreement related to the Subject Debt does not contain an arbitration clause.

33. The cardholder agreement related to the Subject Debt does not contain a class action waiver.

### III. Causes of Action

**Count I – Individual Claim for Violations of Section 1692f(8) of the FDCPA**

34. Plaintiff BERENICE BOLANOS realleges the above paragraphs as though fully set forth herein.

35. Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or

6

by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

37. Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

38. MCM's practice of mailing collection letters inside of envelopes embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

39. MCM's practice of mailing collection letters inside of envelopes embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

40. Plaintiff was worried and confused by MCM's practice of mailing collection letters inside of envelopes embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED". MCM's use of these words caused Plaintiff to suffer anxiety and distress when she read the contents of the letter where marked in this manner.

41. Plaintiff's fear, anxiety and distress caused her to contact legal counsel to explain to him her rights under the FDCPA.

7

WHEREFORE, Plaintiff BERENICE BOLANOS respectfully requests that this Honorable Court:

a. declare that MCM's practice of mailing collection letters inside of envelopes embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED". violates Section 1692f(8) the FDCPA;

b. enjoin Defendant MCM from mailing collection letters inside of envelopes embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED";

c. award Plaintiff statutory damages of up to $1,000; and

d. award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k.

**Count II – Class Claim for Violations of Section 1692f(8) of the FDCPA**

42. Plaintiff BERENICE BOLANOS realleges the above paragraphs as though fully set forth herein.

43. MCM's practice of mailing collection letters inside of envelopes embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

44. At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside of envelopes embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" within one year of the filing of this lawsuit.

45. MCM's practice of mailing collection letters inside of envelopes embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" satisfy the elements of typicality, commonality, predominance and superiority.

46. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

47. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a collection letter where the collection letters were sent in relation to debts originally owed in relation to Walmart Rewards branded credit cards issued by Capital One, N.A. where MCM mailed out collection letters inside of envelopes embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

48. The class period is limited to one year prior to the filing of this lawsuit and until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

49. Alternatively, depending on the amount of envelopes used and MCM's willingness to expand the scope of a proposed class action, the above proposed class could be expanded to include all California Residents who originally owed debts to Capital One who were sent collection letters inside of envelopes embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

50. The proposed class can be defined by MCM's records.

51. Plaintiff will be represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

52. On information and belief, consumers may have paid their debts as a result of MCM's use of the phrase INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

WHEREFORE, Plaintiff BERENICE BOLANOS respectfully requests that this Honorable Court:

    a. declare that MCM's practice of mailing collection letters inside of envelopes embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA;

    b. enjoin Defendant MCM from using envelopes embossed with the words "INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" in conjunction with any future collection letters;

    c. award class members maximum statutory damages;

    d. award class members actual damages if they paid their subject debts after receiving a collection letter inside one of the improperly marked envelopes; and

    e. award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k.

**Count III – The Phrase "[no] estamos obligandos a renovar ninguna oferta realizada" Violates Sections 1692e, e(2)(A), e(10) and f of the FDCPA where no "offers" were provided**

53. Plaintiff BERENICE BOLANOS realleges the above paragraphs as though fully set forth herein.

54. Section 1692e of the FDCPA prohibits a debt collector using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

55. Section 1692e(2)(A) prohibits "[t]he false representation of - the character, amount, or legal status of any debt."

56. Section 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

57. Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

58. As explained above, by threatening Plaintiff with possible legal action and not identifying any specific "offers", MCM's use of the phrase "[no] estamos obligandos a renovar ninguna oferta realizada" ("[w]e are not obligated to renew any offers provided") (alone, or in conjunction with the use of an envelope marked with the words INFORMACIÓN IMPORTANTE CERRADA" and "ATENCIÓN SOLICITADA" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED") violates Section 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA.

59. At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed within one year of the filing of this lawsuit and the collection letters contained the phrase "[no] estamos obligandos a renovar ninguna oferta realizada" ("[w]e are not obligated to renew any offers provided") but no specific "offers" were identified on the face of the letters.

60. The factual and legal issues related to MCM mailing of similarly formatted letters and the use of the phrase "[no] estamos obligandos a renovar ninguna oferta realizada" where no specific "offers" were identified on the face of the letters are common and typical of the proposed class members.

61. Plaintiff's claims satisfy the elements of typicality, commonality, predominance and superiority.

62. Plaintiff will be represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

63. On information and belief, consumers may have paid their debts as a result of MCM's use of the phrase "[no] estamos obligandos a renovar ninguna oferta realizada".

64. This class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters contained the phrase "[no] estamos obligandos a renovar ninguna oferta realizada" ("[w]e are not obligated to renew any offers provided") where the underlying debts were originally owed in relation to a Walmart Rewards branded credit card issued by Capital One, N.A. and no "offers" were identified on the face of the collection letter(s).

65. The class period is limited to one year prior to the filing of this lawsuit and until the unlawful conduct ends.

66. The class is subject to amendment if there are less than 40 class members who received letters stating "[no] estamos obligandos a renovar ninguna oferta realizada" where the underlying debts were originally owed to any Capital One credit card, no "offers" were identified on the face of the letter, and no arbitration clauses are contained in the underlying cardholder agreements.

67. Alternatively, depending on the amount of envelopes used and MCM's willingness to expand the scope of a proposed class action, the above proposed class could be expanded to include all California Residents who originally to any Capital One credit card, no "offers" were identified on the face of the letter, and no arbitration clauses are contained in the underlying cardholder agreements.

68. The proposed class can be defined by MCM's records.

12

WHEREFORE, Plaintiff BERENICE BOLANOS respectfully requests that this Honorable Court:

a. declare that MCM violated Sections 1692e, e(2)(A), e(10) and f the FDCPA by including the phrase phrase "[no] estamos obligandos a renovar ninguna oferta realizada" ("[w]e are not obligated to renew any offers provided") where no specific offers were identified;

b. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" (translated into Spanish) in any future collection letters that provided discounted payment options;

c. award Plaintiff statutory damages of $1,000;

d. award class members maximum statutory damages;

e. award class members actual damages if they paid their debts because of the phrase "[no] estamos obligandos a renovar ninguna oferta realizada"; and

f. award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k.

*Plaintiff demands a jury trial*

Respectfully submitted, on behalf of

Plaintiff BERENICE BOLANOS individually
and on behalf of all others similarly situated,

/s/ *Nicholas M. Wajda*
NICHOLAS M. WAJDA (State Bar # 259178)
WAJDA LAW GROUP, APC
6167 Bristol Parkway
Suite 200
Culver City, CA 90230
Telephone: (310) 997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*